UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**JOHN FLORES,**

**Plaintiff,**

**-v-**                                    **5:96-CV-820 (NAM-GJD)**

**GRAPHTEX, a division of Human Technologies
Corp.; John Thorp, Supervisor, Human Technologies
Corporation and Graphtex; Dave Lavala, Head of
Human Technologies Corporation and Graphtex;
Candido Garcia, Self Screening Printer at Human
Technologies Corporation - Graphtex; and Anthony
Cutarri, Supervisor at Human Technologies
Corporation - Graphtex,**

**Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

John Flores
Plaintiff, *pro se*

Kernan & Kernan, P.C.
Megan E. Dorr, Esq., of counsel
258 Genesee Street, Suite 600
Utica , New York 13502
Attorneys for Defendants Graphtex, Lavala, and Garcia

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

Defendants move (Dkt. No. 83) to dismiss the amended complaint for failure to state a

claim. Fed. R. Civ. P. 12(c). As set forth below, the Court finds that the allegations in plaintiff's

*pro se* submissions make out plausible claims for discrimination and retaliation sufficient to

withstand this dismissal motion. The motion is granted with respect to the individual defendants

(John Thorp, Dave Lavala, Candido Garcia, and Anthony Cutarri), and otherwise denied.[1]

## PLEADINGS

In his initial complaint (Dkt. No. 1), plaintiff claims that on December 16, 1994, defendant John Thorp (apparently from defendant Graphtex) sent plaintiff to work at defendant Human Technologies Corporation ("HTC"),[2] telling him it "looks like there is work"; that on December 19, 1994, plaintiff arrived at HTC at 7:30 a.m. but no one showed up to pick him up for work; that plaintiff called "the big boss," defendant Dave Lavala, and told him that he had been fired from Graphtex and that he was "very sick" from "nerves and other health problems"; that Lavala stated that plaintiff should go to his doctor to find out whether he was eligible for workers compensation, and he could come back to work when his problems were resolved; that Lavala said plaintiff quit his job; and that plaintiff did not quit his job but was fired.

On October 9, 1996, Hon. Howard G. Munson, then Senior District Court Judge, dismissed the action (Dkt. No. 8).  On March 31, 1999 Judge Munson granted plaintiff's motion to reopen the action and directed plaintiff to file a complaint within 60 days (Dkt. No. 13).[3]

---

[1]

It appears that defendants Thorp and Cutarri have never been served with process.

[2]

In its answer (Dkt. No. 31) to the amended complaint, HTC explains that Graphtex has no independent legal existence but is a "d/b/a" of HTC.

[3]

On October 15, 1996, Paul J. Lupia, Esq., at the Legal Aid Society of Mid-New York, Inc. ("Legal Aid"), filed a notice of appearance in this action (Dkt. No. 9).  By order dated April 25, 2000 (Dkt. No. 24), Judge Munson granted Legal Aid's motion for leave to withdraw as counsel. In his October 12, 1999 affidavit in support of the motion for leave to withdraw, Attorney Lupia states that, after EEOC issued its right-to-sue letter on December 23, 1996, he investigated plaintiff's claims, and that on March 4, 1997 he advised plaintiff that Legal Aid would not further represent him regarding those claims.  Thereafter, without counsel's knowledge, plaintiff *pro se* filed the March 31, 1999 motion to reopen the case and the May 19, 1999 complaints.

On May 19, 1999, plaintiff filed four separate complaints (Dkt. No. 15), each naming a single defendant. Each complaint, based on 42 U.S.C. § 2000e, *et seq*. ("Title VII"), alleged discrimination due to race, color, and national origin, stemming from the same incident alleged in the initial complaint. As against defendants Thorp and Tony Putachi, plaintiff also claimed retaliation. The complaint against Thorp alleged that plaintiff's job was terminated; that plaintiff was told there was no job for him when there was work available; that at the first worksite (apparently Graphtex), Thorp told plaintiff to go to a second worksite (apparently HTC); and that at the second worksite plaintiff was told there had been work at the first worksite. In the complaint against Lavala, plaintiff claimed that he was on time for work; that no one picked him up for work (apparently at HTC); that plaintiff called Lavala, who told him to go back to the other factory (apparently Graphtex); and that Lavala said plaintiff quit his job, which was untrue. The other two complaints, against Putachi, who was not named as a defendant in the superseding complaint, and defendant Candido Garcia, alleged that both men worked at defendant Graphtex and were out of work the day plaintiff was laid off, apparently as part of a "plan" against plaintiff.

By order dated September 29, 1999 (Dkt. No. 16), Judge Munson dismissed the May 19, 1999 complaints. The order included instructions to file a single complaint with specific allegations against each named defendant.

Thereafter, on October 26, 1999, plaintiff filed the amended complaint presently before this Court (Dkt. No. 19). Plaintiff states that he worked at Graphtex; that on the morning of December 16, 1994, he was working with Thorp; that Thorp "didn't want [plaintiff] to work there" any more and wanted to give plaintiff "a layoff to work somewhere else"; that Garcia and Anthony Cutarri, plaintiff's supervisor, "didn't show up for work that day"; that plaintiff went to

HTC "to see what kind of job they had for [him]"; that plaintiff explained to Lavala what happened at Graphtex; and that no one showed up to pick plaintiff up for work.  The relief requested by plaintiff is: "I want the company to pay me [the] back payment that they owe me and pain and suffering for losing my job."

Attached to defendants' answer to the amended complaint (Dkt. No. 31) is the administrative charge plaintiff filed with the State Division of Human Rights ("SDHR") with respect to the incident underlying the present action.[4]  In the SDHR charge, plaintiff states that he is Hispanic; that he has an arrest record; that on October 4, 1994, he arrived at a settlement agreement with HTC in a previous discrimination action; and that as a result of the agreement, he was returned to work.  (Northern District records establish that the previous action, *Flores v. Human Technology*, 5:93-CV-1015, was commenced on July 30, 1993 and settled on October 4, 1994.)  Plaintiff states that on October 12, 1994,[5] his supervisor, John Thorp, told him he was being laid off due to lack of work.  He said he was the only one to be terminated, and he believes he was terminated due to his national origin and in retaliation for his prior discrimination claim.

On December 9, 2005 (Dkt. No. 44) Judge Munson dismissed the action for failure to prosecute.  On February 1, 2006, plaintiff moved (Dkt. No. 47) to reopen the case; Judge Munson granted the motion on September 30, 2006.  On February 21, 2008, the case was reassigned to Chief District Court Judge Norman A. Mordue.  Thereafter, defendants made the instant motion,

---

[4]
SDHR dismissed the charge, finding insufficient evidence to support the discrimination allegations; subsequently EEOC made the same determination and issued a right-to-sue letter.

[5]
The date of the termination set forth in the SDHR charge, October 12, 1994, appears to be error; in every other document, the date is given as December 16 or 19, 1994.

returnable on September 3, 2008.

## DISCUSSION

**Applicable law - motion to dismiss *pro se* complaint**

Defendant moves under Fed. R. Civ. P. 12(c) to dismiss the complaint for failure to state a claim upon which relief may be granted.[6]  To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)).  The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  A complaint should be "especially liberally construed when it is submitted *pro se* and alleges civil rights violations."  *See Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)).  In addressing a motion to dismiss a *pro se* plaintiff's complaint, a court may properly consider additional materials submitted by plaintiff outside the complaint.  *See, e.g., Johnson v. Wright*, 234 F.Supp.2d 352, 356 (S.D.N.Y.2002) (deeming the factual allegations in the *pro se* plaintiff's briefs to supplement his complaint).  The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

**Individual defendants**

With respect to the individual defendants, it is black-letter law that individuals are not

---

[6]

The standard on a Rule 12(c) motion is the same as that for a motion under Fed. R. Civ. P. 12(b)(6).  *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

personally liable under Title VII.  *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-16 (2d Cir.1995).  Affording plaintiff's *pro se* submissions the most liberal construction, the Court cannot discern any claim upon which relief may be granted against the individual defendants. Accordingly, plaintiff's claims against the individual defendants are dismissed as a matter of law.

**Discrimination**

Under Title VII, it is unlawful for an employer to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a)(1).  To establish a *prima facie* case of discrimination under Title VII, a plaintiff must show (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  A plaintiff's burden to make out a *prima facie* case is "minimal."  *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1973).

In support of their motion to dismiss the amended complaint, defendants contend that, even accepting as true all of plaintiff's allegations, plaintiff has failed to state a Title VII claim upon which relief can be granted.  In view of plaintiff's *pro se* status, the Court considers the factual allegations in all of plaintiff's submissions, in particular his various complaints and his SDHR charge, and interprets them to raise the strongest arguments they suggest.

With respect to membership in a protected class, plaintiff states he is Hispanic.  The fact that he had been working for HTC/Graphtex is enough at this stage to show he was qualified for the work.  He alleges that an adverse employment action – termination – was taken against him.

On the question of whether the termination occurred under circumstances giving rise to an inference of discrimination, the Court notes that plaintiff made a previous claim of discrimination against HTC, resulting in a settlement returning him to work, and that he had been back to work for only two-and-a-half months when the subject termination occurred.  Further, he claims that when he was terminated he was told there was no work available, although in fact there was work available, and no one else was terminated.  Under all of the circumstances, including plaintiff's *pro se* status and the nature of the claim, the Court finds that he has set forth enough facts to state a plausible case sufficient to withstand this dismissal motion.

**Retaliation**

Plaintiff does not assert retaliation in his amended complaint.  He does, however, refer to retaliation as a ground for his claims both in the SDHR charge underlying this action and in his May 19, 1999 complaints against Thorp and Putachi.  To establish a *prima facie* case of retaliation, an employee must show (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action.  *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998).  The Second Circuit has held that a temporal proximity of less than two months between complaint and adverse action is sufficient to support an inference of retaliation.  *See id.*

The protected activity upon which plaintiff relies is his previous action against HTC, *Flores v. Human Technology*, 5:93-CV-1015, commenced on July 30, 1993 and settled on October 4, 1994; as a result of the settlement plaintiff returned to work at HTC/Graphtex.  On December 16 or 19, 1994, about two-and-a-half months after he returned to work, the subject

termination occurred.  The relatively short interval between plaintiff's return to work after settling the prior discrimination action against HTC and plaintiff's alleged termination by defendant, while it may not be sufficient to establish a causal connection on summary judgment, is sufficient to raise plaintiff's retaliation claim above the speculative level at this stage in the case. Particularly in view of the admonition that courts should construe *pro se* complaints to raise the strongest arguments that they suggest, the Court finds that plaintiff's submissions make out a plausible claim for retaliation sufficient to withstand this dismissal motion.

**Time Limitation**

Finally, defendants argue that plaintiff failed to file his complaint within 90 days of his receipt of the December 23, 1996 EEOC right-to-sue letter, and thus his action is time-barred. *See* 42 U.S.C. § 2000e-5(f)(1).  After Judge Munson dismissed the complaint on October 9, 1996 (Dkt. No. 8), plaintiff moved *pro se* to reopen the case on January 15, 1997 (Dkt. No. 11). Plaintiff attached the EEOC right-to-sue letter to that motion.  On March 31, 1999 (Dkt. No. 13), Judge Munson granted the motion insofar as it sought to reopen the action.  The Order further gave plaintiff permission to withdraw his initial complaint without prejudice and directed him to file a complaint within 60 days.  On May 19, 1999, plaintiff filed an amended complaint (actually, four separate complaints) (Dkt. No. 15).  Thus, twenty-three days elapsed between plaintiff's receipt of the right-to-sue letter and his motion to reopen the action, and forty-nine more days elapsed between the date Judge Munson permitted plaintiff to reopen the action and the date plaintiff filed the amended complaint, for a total of 72 days, well within the 90-day limitation. Under these circumstances, plaintiff has complied with the requirement.  There is no ground for dismissal under 42 U.S.C. § 2000e-5(f)(1).

-8-

**CONCLUSION**

The claims against the individual defendants are dismissed as a matter of law.  Accepting plaintiff's allegations as true, and affording plaintiff's *pro se* submissions the most liberal construction, the Court finds he has pleaded factual allegations sufficient to state plausible claims for relief against HTC/Graphtex for race, color, or national origin discrimination and retaliation. The Court has reviewed the all issues raised and finds no basis for dismissal of these claims at this stage of the action.  Accordingly, the Court denies defendants' Rule 12(c) motion to dismiss the amended complaint for failure to state a claim.

It is therefore

ORDERED that defendants' motion (Dkt. No. 83) to dismiss the amended complaint is granted to the extent that all claims against the individual defendants are dismissed; the motion is otherwise denied.

IT IS SO ORDERED.

December 23, 2008
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge